

GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor

The Relief Sought in the following order is DENIED.
Signed: April 19, 2021

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

*** <u>See</u> below for reason

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

In re:

KIMBERLY BOLES-CRAVEA

Debtors.

Bk. No. 20-10641

Chapter 7

**ORDER ON DEBTOR'S EX PARTE MOTION TO TEMPORARILY SET ASIDE DISCHARGE INJUNCTION TO ALLOW PROSECUTION OR REAFFIRMATION**

Debtor filed a Motion to Temporarily Set Aside Order Discharging Debtor and Final Decree on April 16, 2021. Debtor seeks to temporarily set aside the Order Discharging Debtor and Final Decree to allow for reaffirmation of her debt with Creditor Ford Motor Credit Company. Good cause appearing,

**IT IS ORDERED THAT:**

1. Debtor's Motion is granted, and the order discharging Debtor (Dckt. 18.) is vacated.

2. Upon the conclusion of the hearing of the executed reaffirmation agreement, Debtor may file an *ex parte* motion for the court to reenter the discharge, and lodge a proposed order with the court when the *ex parte* motion is filed.

***END OF ORDER***

*** Vacating the discharge is unnecessary. The relevant requirement to have the reaffirmation agreement approved is that it was "made" prior to the discharge being entered. See 11 U.S.C. 524(c)(1). Vacating the discharge will not affect when the reaffirmation agreement was filed. In addition, there is no basis to vacate the discharge per section 727(d). Thus, please simply set the reaffirmation agreement for hearing on a regular reaffirmation calendar.

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | *NONE |